## JOE SCHRAM v. STATE.

No. A-6949.. Opinion Filed September 28, 1929.
Rehearing Denied October 19, 1929.
(281 Pac. 157.)

Ray & Thomas, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of having in his possession one still, in violation of the statutes, and was sentenced to pay a fine of $200 and be imprisoned in the county jail for 30 days.  Motion for new trial was filed, considered, and overruled, and defendant duly excepted, and the case was appealed to this court.

The testimony on behalf of the state, in substance, shows the defendant was living in the county of Comanche, and engaged in farming; he owned a school land lease on a tract of land belonging to the state upon which there was a house and other buildings; about 400 yards from this house the defendant was residing on a farm belong-

ing to Dr. Hues; the officers went to defendant's home, and also to the house on the tract of land the defendant had leased from the state; there was grain in the house and the barn was full of hay; in the garage they found a still which looked like it had been in use for some time, estimated to be a 300-gallon still; there were 12 barrels of mash and also some empty 5-gallon jugs. This is, in substance, the testimony of the state.

The defendant in his own behalf testified:

"I did not know anything about the still being in the garage; the hay in the barn and the grain in the house belonged to me; I had not been up to the house for some time; the latter part of October previous to the finding of the still, mash and other property in the garage, I rented the house to a man by the name of Cliff Andrews; I had never been up to the house after Andrews moved in; I had never seen Andrews driving to and from the house but had seen him walking around the house; he did not pay me any rent; Andrews was not at the house the day the officers found the still."

The defendant called his son and one other man, who testified to his renting the house to this man Andrews; they had never been up to the house after they claim Andrews rented it until after the defendant in this case was arrested. Several neighbors of the defendant testified to his previous good character.

It is contended by the defendant that the court erred in overruling his demurrer to the information. With this contention we cannot agree. A reading of the information shows that it states facts sufficient to charge the defendant with the possession of a still in violation of the statute. The defendant in his brief cites no authorities to sustain his contention.

It is next urged by the defendant that the court erred in overruling his demurrer to the evidence and error in overruling his motion for a new trial. An examination of the record in this case shows a conflict in the testimony. This court has repeatedly held that, where there is any competent testimony to sustain the verdict of a jury, though it be conflicting, it would not disturb the verdict. The evidence in this case is sufficient to sustain the judgment. There are other errors assigned, but from a careful examination of the record they are without merit.

The judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.